**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 14 2006

at 3 o'clock and ___ min. __ M __
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR., a/k/a "TONY" RUTLEDGE, STAR-BEACHBOYS, INC.,<br><br>Defendants. | Criminal No. 02-00438 DAE<br><br>**ORDER RE: WINDING UP OF RECEIVERSHIP** |

LODGED
MAR 10 2006
3:25 pm
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

## ORDER RE: WINDING UP OF RECEIVERSHIP

The Court held a chambers status conference in this matter on March 7, 2006. Counsel for the Receiver, counsel for Unity House, Inc.'s newly-reconstituted Board of Directors, and the new Executive Director of Unity House, Inc., attended. Having considered the presentations of counsel and the Ninth Circuit's opinion *United States v. Rutledge*, ___ F.3d ___, No. 05-10060, 2006 WL 328271 (9th Cir. Feb. 14, 2006), the Court finds that the following order is necessary to ensure an orderly transition in the management of Unity House, Inc., from the current Receivership to the reconstituted Board of Directors and to protect the interests of third parties to the transactions at issue and the interests of Unity House, Inc., its Board of Directors, and its beneficiaries. The parties stipulated that the Court has jurisdiction to enter this order.

WHEREFORE, IT IS HEREBY ORDERED that Unity House, Inc.'s reconstituted Board of Directors shall, upon receipt of notification that they have secured Directors & Officers liability insurance coverage, immediately assume full

EXHIBIT A

control of, and responsibility for, the day-to-day operations of Unity House, Inc., including signing checks and entering into contracts on behalf of the organization;

IT IS HEREBY FURTHER ORDERED that, pursuant to the Court's inherent equitable powers and solely for the purpose of concluding the specific Unity House, Inc. matters identified below (over which the Receiver shall retain full power and authority), the Receiver (EG&G Technical Services, Inc., by and through its agent Anthony Pounders) shall continue in place for a period of up to three months. This three-month period may be extended by the Court upon a showing of good cause for additional thirty-day periods. The Unity House, Inc., Board of Directors may assume authority and responsibility for any of the matters listed below upon mutual agreement with the Receiver, at which point the Receiver's authority and responsibility for that particular matter will be terminated.

   a.   <u>Assoc. of Apt. Owners of Hanohano Hale & Assoc. of Apt. Owners of Pat's at Punaluu v. Unity House, et al.</u>, Civil No. 99-1122-03 (BIA), First Circuit Court, State of Hawaii, including related on-going settlement implementation;

   b.   <u>Douglas Himmelfarb v. Unity House, Inc., et al.</u>, Civil No. 05-1-1386-07 (VSM), First Circuit Court, State of Hawaii, including related on-going settlement implementation;

   c.   Current negotiations with the Radisson Kauai Development (Brian and Joan Anderson);

   d.   <u>Unity House, Inc. v. Tam</u>, Civil No. 05-1-2218-12 (BIA), First Circuit Court, State of Hawaii;

   e.   <u>Unity House, Inc. v. Heavenly Road Productions, Inc., et al.</u>, Civil No. 98-0-5043, First Circuit Court, State of Hawaii;

  f. <u>Unity House, Inc. v. Chabad Lubavitch of Hawaii, Inc., et al.</u>, Civil No. 05-1-1399-08 (RKOL), First Circuit Court, State of Hawaii;

  g. <u>Ilae, et al. v. EG&G Technical Services, Inc., et al.</u>, No. CV05-00794 (DAE) (LEK), United States District Court for the District of Hawaii;

  h. <u>Hawaii Pacific Cinema Development Foundation, et al. v. Beacon Edge Pictures LLC, et al.</u>, Civil No. CV04-00510 (ACK) (KSC), United States District Court for the District of Hawaii.

  IT IS HEREBY FURTHER ORDERED that the Receiver shall review and approve all bills related to the transactions identified above. Upon the Receiver's approval, the Receiver shall forward such bills to the Comptroller of Unity House and the Board of Directors for approval and payment. The Board of Directors shall approve and pay all such bills forthwith, or promptly notify the Court of its decision not to approve any such bill and provide the Court with an explanation of the basis for that decision. The Court will resolve any disputes regarding bills related to the transactions identified above or presented by the Receiver or the Receiver's counsel.

  IT IS HEREBY FURTHER ORDERED that the Receiver shall prepare a final report and motion for discharge. However, the Receiver shall first provide the Board of Directors with a reasonable estimate of the cost of preparing the final report and motion for discharge. The Receiver may begin work on the final report and motion for discharge upon approval of the estimated cost by the Board of Directors; if the Board of Directors withholds or declines such approval, it shall promptly notify the Court and provide the Court with an explanation of the basis for any such decision. The Court will resolve any disputes regarding the cost of preparing the final report and motion for discharge.

At the March 7, 2006, status conference, the parties discussed the Court's appointment of a custodian of Unity House, Inc.'s records by an order in <u>Aarona, et al. v. Unity House, Inc., et al.</u>, CV 05-00197 DAE (BMK) (D. Haw.) ("<u>Aarona</u>"), dated February 7, 2006. In that order the Receiver and its agents, Dwight Kealoha and Walter Lum, were so appointed. Due to changed circumstances in the instant case, the parties raised the need for the appointment of a substitute custodian of the records. An order appointing a substitute custodian of records will be issued in the <u>Aarona</u> case, upon agreement of the parties in that case to an acceptable substitute for the Receiver and its agents as custodian.

DATED: Honolulu, Hawaii,  MAR 1 4 2006  .

Hon. David A. Ezra
United States District Judge

Approved as to form and content:

Brook Hart
Counsel for the Receiver

Eric Seitz
Counsel for <u>Ilae</u> plaintiffs (see "g" above)
and the Unity House, Inc. Board of Directors