ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 5 2006
at 10 o'clock and 01 min. AM
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR., a/k/a "TONY" RUTLEDGE, STAR-BEACHBOYS, INC.,<br><br>Defendants. | Criminal No. 02-00438 DAE<br><br>**STIPULATED [PROPOSED] ORDER DISCHARGING THE RECEIVER** |

LODGED
JUN 02 2006
11:45 AM
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

## BACKGROUND

This criminal case involved allegations that defendants engaged in tax evasion and committed mail and wire fraud in the course of a scheme to gain control over a Hawaii non-profit labor benefits corporation known as Unity House, Inc. ("Unity House"), and its substantial assets. In its Third Superseding Indictment (the "Indictment"), issued on December 2, 2004, the Grand Jury found that specified assets of the defendants Anthony Rutledge, Sr. and Aaron Rutledge were subject to criminal forfeiture in the event of a conviction. Among these assets were the assets of Unity House, Inc.

On December 10, 2004, Senior Judge Samuel P. King issued an ex parte, post-indictment restraining order (the "Restraining Order"), which permitted the United States to seize the potentially forfeitable assets and take control over Unity House. Consistent with the terms of the Restraining Order, extended by Judge David Alan Ezra through the issuance of a preliminary injunction, EG&G

Technical Services, Inc. (the "Receiver") was appointed and, since December, 2004, has been overseeing the operations of Unity House by and through its employee, Anthony Pounders.

The criminal proceedings in this case were terminated by the acceptance of plea agreements between the United States and each of the criminal defendants in early February, 2006. Although the Ninth Circuit later issued an opinion that would have effectively undermined the factual and legal basis for the receivership, the Ninth Circuit subsequently withdrew that opinion on May 11, 2006, on the ground that the plea agreements had rendered moot a defendant's appeal.

After the acceptance of the plea agreements, the Court issued orders extending the authority of the Receiver to wind up certain enumerated transactions prior to the filing of its Final Report, the complete transition of Unity House management to the Unity House Board of Directors, and the issuance of this Discharge Order. Pursuant to the Court's order of March 14, 2006, the Receiver filed its Final Report on May 19, 2006.

Supplementing and incorporating by reference the Receiver's initial report, and attaching as an exhibit the Receiver's Interim Report, the Final Report contains detailed discussions of the Receiver's activities throughout the receivership. The Final Report also contains information regarding the financial status of Unity House before and during the receivership, and demonstrates that the organization's fund balance improved substantially during the course of the receivership. The Final Report was served on numerous interested persons. The Court has received no objections to any of the statements or conclusions contained in the Final Report or any of the Receiver's prior reports.

2

## DISCHARGE ORDER

Having considered the Final Report of the Receiver, the other filings by the Receiver in this case, the record, and being familiar with the activities of the Receiver, its employees, agents, and attorneys, the Court HEREBY ORDERS, subject to the Objection Procedures set forth below:

1.  The Receiver's Final Report is hereby approved;

2.  The Court finds that all actions taken by the Receiver, its employees, agents, and attorneys, including any failures to act, with respect to all matters related to or arising out of the receivership, have been reasonable, undertaken in good faith, consistent with the best interests of Unity House and its beneficiaries, and carefully and faithfully executed pursuant to this Court's orders;

3.  The Court further finds that the Receiver, its employees, agents, and attorneys, are entitled to absolute derivative judicial immunity for their actions taken, or their failures to act, in all matters related to or arising out of the receivership;

4.  The Receiver, its employees, agents, and attorneys are hereby released and relieved from all claims and liability of any nature whatsoever which were brought or could have been brought in connection with the receivership, including but not limited to objections to fees and costs, the conduct of the receivership, and the issuance and content of any of the Receiver's reports; and any and all events, acts, and actions, including any failures to act or take any action of whatever type, kind or character, from the inception of the subject legal proceedings through and including the date of this Discharge Order;

5.  All persons are hereby permanently enjoined from commencing or prosecuting, without leave of this Court, any action against the Receiver, its employees, agents, or attorneys in connection with or arising out of the services

provided by the Receiver, its employees, agents, or attorneys in connection with this receivership, for and with respect to any and all events, acts, and actions, including any failures to act or take any action of whatever type, kind or character, from the inception of the subject legal proceedings through and including the date of this Discharge Order;

6. This Discharge Order shall be *res judicata* as to all parties to this action and all interested persons who have received actual or constructive notice of this Discharge Order *vis a vis* any claims that were or could have been made regarding the Receiver, its services, the receivership, fees, the content and issuance of the Receiver's reports, and anything else relating to the receivership;

7. Since the Receiver acted at the request of the United States and as agent for the Internal Revenue Service, the United States shall indemnify and hold harmless the Receiver, its employees, agents, and attorneys from any type of threatened, pending or completed action, suit, or proceeding arising from or related to the receivership, the fees and costs incurred in the receivership, the reports generated by the Receiver, and everything else having anything to do with the receivership, against expenses (including attorneys' fees and costs), judgments, and amounts paid in settlement, actually and reasonably incurred in connection with any such action;

8. In accordance with this Court's previous orders herein, Unity House, Inc., shall pay the invoices of the attorneys retained by the Receiver for services rendered up to and including the Effective Date. If the Receiver, its agents, or its attorneys are compelled to render any services in this matter subsequent to the Effective Date, this Court may entertain a motion of the Receiver to require Unity House, Inc., or the United States to pay the fees and costs of the Receiver, its agents, and/or its attorneys for so doing;

4

9. This Court hereby retains jurisdiction to enforce and implement the terms of this Discharge Order. The provisions of this Discharge Order shall survive final judgment in this action;

10. Final judgment having previously been entered on the claims asserted by the parties herein, and the Receiver's Final Report having been approved by this Discharge Order, the receivership previously established under the Restraining Order and the subsequent preliminary injunction shall be and the same is Hereby Closed and the Receiver is Hereby Discharged.

## OBJECTION PROCEDURES

Within seven (7) days after the signing of this Order by the Court, the Receiver shall serve notice of this Order on any persons or entities known to it to have an interest in the conduct of the Receiver and its activities during the course of the receivership. Any person or entity so served, and any person or entity that otherwise has notice of the terms of this Order, that desires to object to the terms of this Discharge Order (including any objections to any aspect of the conduct of the Receiver, its employees, agents, or its attorneys during this receivership, and including any objections to the fees and costs of the Receiver, its employees, agents, or attorneys), shall file with the Court, and serve on all parties and the Receiver, a written objection setting forth particular reasons therefor within twenty-one (21) days after the Court's signing of this Discharge Order. The failure of any such interested person or entity to file a timely objection shall constitute waiver of the right to raise future objections or bring future claims against the Receiver, its employees, agents, and attorneys, related to, arising out of, or in any way connected with the receivership.

This Discharge Order shall automatically become effective twenty-one (21) days after the date it is signed by the Court if no objections are filed. The Court

will duly consider all timely objections filed in accordance with this Order, and the Court may set a hearing, request supplemental briefing from the parties or the Receiver, and/or issue an order that supersedes or modifies this Discharge Order if the Court deems any such action necessary. If the Court issues no orders regarding pending objections within twenty-eight (28) days after the date this Discharge Order is signed by the Court, all objections shall be deemed denied and this Discharge Order shall automatically take permanent effect in its current form. As used herein, "Effective Date" shall mean either 21 days after the Court's signing of this Discharge Order if no timely objections are received or 28 days after the Court's signing if objections are received and no further action is taken by the Court.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: June 2, 2006

The undersigned hereby stipulate to, and approve the form and content of, the foregoing proposed order:

_____
Brook Hart
Counsel for the Receiver

Dated: 6/1/06

_____
Eric Seitz
Counsel for the
Unity House, Inc., Board of Directors

Dated: 6/2/06