KIDANI LAW CENTER
Attorneys at Law
A Law Corporation

GRANT K. KIDANI          2152-0
ALAN L. WONG             7051-0
300 Kidani Law Center
233 Merchant Street
Honolulu, Hawaii 96813
Telephone: (808) 521-0933

Attorneys for Defendant
RUDY L.K. TAM and INVESTMENT GROUP, LLC

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 MAY -9 AM 10:55

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) ) ) | CIVIL NO. 05-1-2218-12 BIA (Other Non-Vehicle Tort) |

UNITY HOUSE, INCORPORATED,
In Receivership

          Plaintiff,

vs.

RUDY L.K. TAM and INVESTMENT
GROUP, LLC, a Hawaii limited liability
company,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 05-1-2218-12 BIA
(Other Non-Vehicle Tort)

DEFENDANTS RUDY L.K. TAM AND
INVESTMENT GROUP, LLC'S MOTION
TO EXPUNGE NOTICE OF LIS PENDENS;
MEMORANDUM IN SUPPORT OF
MOTION; AFFIDAVIT OF GRANT K.
KIDANI; EXHIBITS "A"-"E"; NOTICE OF
HEARING MOTION AND CERTIFICATE
OF SERVICE

Date: JUN 1 4 2006
Time: 10:00 a.m.
Judge Bert I. Ayabe

EXHIBIT **D**

## DEFENDANTS RUDY L.K. TAM AND INVESTMENT
## GROUP, LLC'S MOTION TO EXPUNGE LIS PENDENS

COME NOW Defendants RUDY L.K. TAM and INVESTMENT GROUP, LLC (hereinafter individually referred to as "Mr. Tam" and "Investment Group" and/or collectively referred to as "Defendants"), by and through their attorneys the KIDANI LAW CENTER, and hereby moves this Honorable Court for an order expunging the Notice of Lis Pendens filed by Plaintiff UNITY HOUSE, INCORPORATED, In Receivership (hereinafter referred to as "Plaintiff" or "Unity House") in the Bureau of Conveyances on January 9, 2006.

The Notice of Lis Pendens filed by Plaintiff states that it affects certain real property, namely the Val Hala Apartments, 45-683 Kamehameha Hwy., Kaneohe, HI 96744, Tax Key (1) 4-5-49-22 (the "Property"), owned by Investment Group. Plaintiff states in its Notice of Lis Pendens that its action affects the Property because that it intends to obtain a constructive trust over the Property and require Defendants to convey the Property to Unity House.

However, even a colorable equitable remedy, such as a constructive trust, is insufficient support of a Notice of Lis Pendens. Moreover, Plaintiff cannot even obtain a constructive trust or otherwise require Defendant Investment Group (the sole owner of the Property) to convey its ownership to Unity House. The remedy of a constructive trust is not available as a matter of law. Unity House has, at best, an equitable lien which is not sufficient to file the Notice of Lis Pendens. Consequently, the Notice of Lis Pendens should be expunged to clear the title to the property.

This motion is brought pursuant to Rule 7 of the Rules of the Circuit Court of the State of Hawaii; Rule 7 of the Hawaii Rules of Civil Procedure; HRS § 634-51; Memorandum in

Support of Motion, Declaration of Rudy Tam, Affidavit of Grant K. Kidani and the records and

files herein.

DATED:    Honolulu, Hawaii, _____ MAY 0 8 2006 _____.

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership | ) ) ) | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM IN SUPPORT OF<br>MOTION |
| RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company, | ) ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.    **INTRODUCTION**

On January 9, 2006, Plaintiff filed a Notice of Lis Pendens pertaining to this case in the Bureau of Conveyances, State of Hawaii, as Document No. 2006-004687. A certified copy of the Notice of Lis Pendens is attached hereto as Exhibit "A". The Notice of Lis Pendens states that it affects certain real property, namely the Val Hala Apartments, 45-683 Kamehameha Hwy., Kaneohe, HI 96744, Tax Key (1) 4-5-49-22 (the "Property"), owned by Defendant Investment Group. Plaintiff states in its Notice of Lis Pendens that its action affects the Property because that it intends to obtain a constructive trust over the Property and require Defendants to convey the Property to Unity House.

However, even a colorable equitable remedy, such as a constructive trust, is insufficient support of a Notice of Lis Pendens. Moreover, Plaintiff cannot even obtain a constructive trust or otherwise require Defendant Investment Group (the sole owner of the

4

Property) to convey its ownership to Unity House. The remedy of a constructive trust is not available as a matter of law. Unity House has, at best, an equitable lien which is not sufficient to file the Notice of Lis Pendens. Consequently, the Notice of Lis Pendens should be expunged.

II.          **ARGUMENT**

A.       **A NOTICE OF LIS PENDENS CAN ONLY BE FILED UNDER SPECIFIC AND RESTRICTIVE CONDITIONS**

The plain reading of the applicable statute is misleading because the breadth of when a notice of *lis pendens* can be filed has been limited by subsequent case law. The applicable statute states:

> **§634-51  Recording of notice of pendency of action.** <u>In any action concerning real property or affecting the title or the right of possession of real property</u>, the plaintiff, at the time of filing the complaint, and any other party at the time of filing a pleading in which affirmative relief is claimed, or at any time afterwards, may record in the bureau of conveyances a notice of the pendency of the action, containing the names or designations of the parties, as set out in the summons or pleading, the object of the action or claim for affirmative relief, and a description of the property affected thereby. From and after the time of recording the notice, a person who becomes a purchaser or incumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action; provided that in the case of registered land, section 501-151 and sections 501-241 to 501-248 shall govern....

HRS § 634-51 (underline added). This generality has been modified into specific requirements when a notice of *lis pendens* can be filed by <u>S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club</u>, 75 Haw. 480 (1994).

In <u>Utsunomiya</u>, the Hawaii Supreme Court restated the statutory requirement that:

> a *lis pendens* may only be filed in connection with an action (1) "concerning real property," (2) "affecting title" to real property, or (3) "affecting...the right of possession of real property."

Id. at 505.  However, <u>Utsunomiya</u> says that "the history of *lis pendens* legislation has been construed as indicative of the intent to restrict rather than broaden application of *lis pendens*." <u>S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club</u>, 75 Haw. at 509.  Hence, the Hawaii Supreme Court concluded that:

> We conclude, therefore, that *allegations of equitable remedies, even if colorable, will not support a lis pendens if, ultimately, those allegations act only as a collateral means to collect money damages.*  It must be borne in mind that the true purpose of the lis pendens statute is to provide notice of pending litigation and not to make plaintiffs secured creditors of defendants nor to provide plaintiffs with additional leverage for negotiating purposes.

<u>S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club</u>, 75 Haw. at 511-512 (emphasis in original).

Here, Plaintiff is seeking to circumvent this restriction by claiming a "constructive trust" over the Property when that remedy is not even available.  First, there is no basis in law for imposing a constructive trust on the Property under the allegations of the complaint.  There was no promise to reconvey the land to Unity House and a constructive trust would put Unity House in a better position than required by equity if the allegations are proven.  Second, a constructive trust is an equitable remedy which does not support a *lis pendens* as Unity House would only be entitled to money damages under the allegations of its complaint.

**B.    THE REMEDY OF A CONSTRUCTIVE TRUST IS NOT AVAILABLE BECAUSE THERE WAS NO PROMISE TO RECONVEY THE LAND**

Plaintiff cannot receive the equitable remedy of a constructive trust on the Property to affect the title, ownership, or possession of the Property because there was no promise to reconvey the land.

> A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. Restatement,

Restitution s 160 (1937). A constructive trust will be imposed if a transfer of land was obtained in an abuse of a confidential relationship. Fairfield v. Medeiros, 50 Haw. 73, 431 P.2d 296 (1967); Restatement, Restitution s 182 (1937), 3 Bogert, Trusts, s 482 (1960). Where at the time of the transfer the transferee was in a confidential relation to the transferor, and the transferor relied upon his oral promise to reconvey the land, he is chargeable as constructive trustee of the land for the transferor. 1 Scott, Trusts s 44.2 (3d ed. 1967). **It is necessary that both a confidential relationship and reliance upon a promise to reconvey induced by that relationship be shown.** As Justice Cardozo has written:

> 'It (is) 'the case of a confidence induced, not by the bare promise of another, but by the promise and the confidential relation conjoined.' (Citation omitted) . . ..

'It is not the promise only, nor the breach only, but unjust enrichment under cover of the relation of confidence, which puts the court in motion.' Sinclair v. Purdy, 235 N.Y. 245, 253, 139 N.E. 255, 258 (1923).

The basic prerequisites for the application for an 'abuse of confidence' constructive trust are: (1) a confidential relationship; (2) conveyance to the grantee based upon, and arising out of a confidential relationship; **(3) a promise to hold for, or reconvey to, the grantor or a third person;** and (4) a subsequent refusal to reconvey resulting in the grantee's unjust enrichment. The Confidential Relationship Theory of Constructive Trusts-An Exception to the Statute of Frauds, 29 Fordham L.R. 561, 563 (1961); Sinclair v. Purdy, supra; Restatement, Restitution s 160.

Lee v. Wong, 57 Haw. 137, 139-140 (1976)(bold added).

Here, there are not allegations in the First Amended Complaint that Defendant Investment Group would reconvey the Property to Plaintiff. See, Exhibit "B". Plaintiff never owned the Property in the first place or alleged to have provided the money to purchase the Property. See, Exhibit "B".

C.    **THE REMEDY OF A CONSTRUCTIVE TRUST IS NOT AVAILABLE BECAUSE IT WOULD PLACE UNITY HOUSE IN A BETTER POSITION THAN EQUITY WOULD REQUIRE IF THE ALLEGATIONS ARE PROVEN**

It is axiomatic that in order to receive equity, a plaintiff must do equity. Ming v. Ho, 45 Haw. 521, 563 (1962). Unity House cannot obtain a constructive trust over the Property

because that would put it in a better position than it ever would have been in without the alleged improper purchase by Defendant Investment Group.

> Yet, what we are seeking is a way "to prevent a loss to the plaintiff and a corresponding gain to the defendant, and to put each of them in the position in which he was before the defendant acquired the property." Id. § 160 comment d. **The imposition of a constructive trust on the subject property would not have the desired effect. It would provide a remedy inconsistent with the fundamental precepts of restitution, for it would give the plaintiffs more than they had.**

> Restitution, however, may be accomplished "not only by ... compelling the surrender ... of property ..., but also by imposing an equitable lien upon the property in favor of the plaintiff." Id. § 161 comment a.

Beneficial Hawaii, Inc. v. Kida, 96 Haw. 289, 315 (2001)(bold added).

Here, Plaintiff is claiming the Property for itself based on the $1.1 million in CDBG funds which it claims to have owned and was used to purchase the Property. See, ¶ 22 of Exhibit "B". First off, those CDBG monies never belonged to Plaintiff so it could never have been taken away from Plaintiff to be used to purchase the Property. It must be remembered that the City **sued** Unity House for breach of contract in November 2000 for the Lokahi Greens Development. See, ¶ 13 of Complaint attached as Exhibit "B". The City also claimed that Unity House owed money to the CDBG program. See, ¶ 14 of Complaint attached as Exhibit "B". For Unity House to then say that Defendants "never gave Unity House any interest in the Val Hala Apartments project, despite using Unity House's monies to fund the Val Hala Apartments project..." is a complete fabrication. See, ¶ 21 of Complaint attached as Exhibit "B". Those "Unity House's monies" belonged to the CDBG program and were returned to the City as part of a settlement. See, ¶ 21 of Complaint attached as Exhibit "B".

The fact that Unity House claimed the CDBG money as its own in the November 2000 litigation with the City does not mean it can now disavow the Settlement Agreement. The

CDBG money never belonged to Unity House, that was the whole point of the City claiming that Unity owed money to the CDBG program. The Receiver is simply being arrogant on Unity House's position. If Unity House could have settled with the City and kept the money for their own uses like they wanted to originally, they would have. However, Unity House was being sued by the City at the time.

Secondly, we request the Court to take judicial notice of the City's Real Property Assessment and Tax Billing information for the Property attached as Exhibits "C" and "D". The Property commonly referred to as Val Hala Apartments consists of a fee simple interest at 45-677 Kamehameha Hwy (See, Exhibit "C") and a lease at 45-683 Kamehameha Hwy. (See, Exhibit "D"). Although Plaintiff only lists the TMK for the leased portion of the Val Hala Apartments, its Notice of Lis Pendens is encumbering the entire apartment complex.

Unity House's alleged $1.1 million interest in the CDBG funds would not have paid for the Val Hala Apartments. The City's Real Property Assessment information shows that the sale amount for the Val Hala Apartments was $3.2 million. See, Exhibits "C" and "D". Consequently, a constructive trust over the Property would be a windfall of $2.1 million to Unity House. Equity does not require a constructive trust. An equitable lien on the Property will satisfy all of the claims made by Plaintiff without the corresponding unfair taking against Defendants.

D.    **MONEY DAMAGES DO NOT SUPPORT A LIS PENDENS**

The ultimate purpose of Plaintiff's litigation is money damages which does not support its Notice of Lis Pendens. What Plaintiff is really asking for in the First Amended Complaint is its lost profits if it had obtained the Property for itself. Plaintiff has not paid the difference between its alleged ownership of the $1.1 million and the purchase price of the Val

Hala Apartments. Plaintiff is seeking money damages and an equitable lien will protect Plaintiff's interest, if any.

However, an equitable lien will not support a *lis pendens*. *"[A]llegations of equitable remedies, even if colorable, will not support a lis pendens if, ultimately, those allegations act only as a collateral means to collect money damages".* S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. at 511-512. Therefore, the Notice of Lis Pendens should be expunged.

### E.    ATTORNEY'S FEES AND COSTS

We are requesting our attorneys' fees and costs for the filing of this motion because we attempted to settle this issue amicably. See, Exhibit "E". We informed Plaintiff's counsel that the Notice of Lis Pendens needed to be lifted so that necessary safety repairs would resume. See, Exhibit "E". A contractor is fixing one stairwell that basically collapsed and is impassable. See, Exhibit "E". First Hawaiian Bank which previously issued a credit line secured by the Val Hala Apartments and can only be used for the Val Hala Apartments, will not release the monies to pay the contractor because of Plaintiff's Notice of Lis Pendens. See, Exhibit "E". As a result, the contractor is threatening to walk off the job. See, Exhibit "E". The tenants are being inconvenienced unnecessarily and costs will undoubtedly increase. See, Exhibit "E". There is no reason not to remove the Notice of Lis Pendens as it is improper as a matter of law.

### III.    CONCLUSION

Based on the foregoing reasons, the Memorandum in Support of Motion, and the records and files herein, it is respectfully submitted and requested that this Honorable Court

expunge the Notice of Lis Pendens on the Property filed by Plaintiff in the Bureau of

Conveyances on January 9, 2006 as Document No. 2006-004687.

Defendants also request their fees and costs for filing and arguing this Motion to

remove the wrongful encumbrance on Defendant Investment Group's property.

DATED:    Honolulu, Hawaii, _____MAY 0 8 2006_____.

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) CIVIL NO. 05-1-2218-12 BIA<br>) (Other Non-Vehicle Tort)<br>) |
| Plaintiff, | )<br>) AFFIDAVIT OF GRANT K. KIDANI |
| vs. | )<br>) |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

AFFIDAVIT OF GRANT K. KIDANI

| | | |
|---|---|---|
| STATE OF HAWAII | ) | |
| | ) | SS. |
| CITY AND COUNTY OF HONOLULU | ) | |

GRANT K. KIDANI, being first duly sworn on oath, deposes and states as follows:

1.     That Affiant is the managing partner of the law firm of KIDANI LAW CENTER, and has been licensed to practice law in the State of Hawaii since 1978 specializing in civil trial practice and that he is a member of the Hawaii State Bar Association in good standing;

2.     That Affiant has been retained to represent Defendants in <u>Unity House, Inc. v. Rudy L.K. Tam, et al.,</u> Civil No.: 05-1-2218-12(BIA);

3.     That attached hereto as Exhibit "A" is a true and accurate certified copy of the Notice of Lis Pendens filed in the Bureau of Conveyances on January 9, 2006, as Document

No. 2006-004687;

   4.  That attached hereto as Exhibit "B" is a true and accurate copy of the First Amended Complaint in this matter filed on January 6, 2006;;

   5.  That attached hereto as Exhibit "C" is a true and accurate copy of City's Real Property Assessment and Tax Billing information for Val Hala Apartments located at 45-677 Kamehameha highway;

   6.  That attached hereto as Exhibit "D" is a true and accurate copy of City's Real Property Assessment and Tax Billing Information for Val Hala Apartments located at 45-683 Kamehameha Highway;

   7.  That attached hereto as Exhibit "E" is a true and accurate copy of letter to Grant K. Kidani, Esq. to Steven Egesdal, Esq. dated May 5, 2006 regarding the lifting of the Notice of Lis Pendens.

   FURTHER AFFIANT SAYETH NAUGHT.

                _____

                GRANT K. KIDANI


Subscribed and sworn to before me
this 8th day of May , 2006.

_____
Deborah Kaio
Notary Public, State of Hawaii
My Commission Expires: 09/08/06

2



I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances.

_Carphalerah_
Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

R-744     **STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED**
JAN 09, 2006          01:00 PM

Doc No(s) 2006-004687



/s/ CARL T. WATANABE
REGISTRAR OF CONVEYANCES

20     1/1     Z9

LAND COURT                REGULAR SYSTEM

Return By Mail ☐ Pick-Up ☐ To:

CARLSMITH BALL LLP
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813

Attention: Steven M. Egesdal
Telephone: (808) 523-2546

TITLE OF DOCUMENT:

NOTICE OF LIS PENDENS

PARTIES TO DOCUMENT:

PLAINTIFF:       UNITY HOUSE, INCORPORATED, In Receivership

DEFENDANTS:   RUDY L.K. TAM and INVESTMENT GROUP, LLC

TAX MAP KEY(S):   (1) 4-5-49-22            (This document consists of 3 pages.)

EXHIBIT **A**

CARLSMITH BALL LLP
STEVEN M. EGESDAL  4511-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813
Tel No. 808.523.2500
Fax No. 808.523.0842

LAW OFFICES OF BROOK HART
A Law Corporation
BROOK HART 0723-0
333 Queen Street, Suite 610
Honolulu, Hawaii 96813
Telephone: 808.526.0811

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 JAN -6  PM 4: 02

H. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership,<br><br>     Plaintiff,<br><br>vs.<br><br>RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company,<br><br>     Defendants. | CIVIL NO.  05-1-2218-12 (BIA)<br>(OTHER CIVIL ACTION)<br><br>NOTICE OF LIS PENDENS |

## NOTICE OF LIS PENDENS

Notice is hereby given, in accordance with Haw. Rev. Stat. § 634-51, that an action has

been commenced by Plaintiff Unity House, Incorporated, In Receivership, in the above-entitled

court, which is now pending and affects certain real property, namely the **Val Hala Apartments**,

I do hereby certify that this is a full, true and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

45-683 Kamehameha Hwy., Kaneohe, HI 96744, Tax Key (1) 4-5-49-22 (the "Property"), owned

by Investment Group, LLC.

The objects of the action, *inter alia*, are to: (a) establish a constructive trust over the

Property (and improvements thereon) specified above for the exclusive benefit of Plaintiff Unity

House, Incorporated; and (b) require the Defendants to convey to Plaintiff Unity House,

Incorporated sole ownership/legal title to the Property (and improvements thereon).

The purpose of the Notice is solely to place others on notice that the aforementioned

action is pending and not to create a new interest, lien, or encumbrance against the subject

Property.

DATED: Honolulu, Hawaii, January **6** , 2006.

STEVEN M. EGESDAL
BROOK HART

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED,
IN RECEIVERSHIP

CARLSMITH BALL LLP
STEVEN M. EGESDAL  4511-0
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842

LAW OFFICES OF BROOK HART
A Law Corporation
BROOK HART  0723-0
333 Queen Street, Suite 610
Honolulu, Hawaii  96813
Telephone:  808.526.0811

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2005 JAN -6  PM 4: 05

H. CHING
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership,<br><br>                Plaintiff,<br><br>        vs.<br><br>RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company,<br><br>                Defendants. | CIVIL NO.  05-1-2218-12 (BIA)<br>(Other Non-Vehicle Tort)<br><br>FIRST AMENDED COMPLAINT FOR<br>INJUNCTIVE AND OTHER RELIEF;<br>EXHIBIT "A"; DEMAND FOR JURY<br>TRIAL; SUMMONS |

## FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Comes now Plaintiff UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP (hereinafter referred to as **"Unity House"** or **"Plaintiff"**), and alleges and avers as follows:

### I.    INTRODUCTION

1.      This action alleges that defendant Rudy L. K. Tam (hereinafter **"Tam"**) held a position of trust and confidence at Unity House.  By using monies controlled by Unity House to



EXHIBIT **B**

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

undertake a major investment on his own behalf that he rightly should have presented to Unity House, Tam usurped a corporate opportunity, breached his fiduciary duties and contractual obligations to Unity House, and was unjustly enriched.

2. Defendant Investment Group, LLC, is a Hawaii limited liability company controlled by Tam. Tam used Investment Group, LLC as a vehicle to undertake the investment at issue in this lawsuit. As a beneficiary of Tam's unlawful actions, Investment Group, LLC has been unjustly enriched.

3. This action seeks injunctive relief in the form of a constructive trust, restitution, and damages.

## II.    PARTIES

4. Unity House is a non-profit organization incorporated in Hawaii. Initially funded by contributions from members of various local unions, Unity House has provided services to Hawaii's working people for over 50 years. Unity House's programs include, among other things, scholarships, financial assistance for childcare, and a senior center that provides classes and other activities for retirees. In order to maintain and maximize its assets, Unity House has regularly invested in real estate. In federal criminal proceedings, Unity House was placed in receivership on December 10, 2004. EG&G Technical Services, Inc. is the court-appointed receiver of Unity House and is currently overseeing Unity House's operations. A copy of the order appointing the receiver (**"Receiver Order"**) is attached hereto and incorporated by reference as Exhibit "A". This lawsuit is consistent with the terms of the Receivership Order, which charges the receiver with, among other things, making all reasonable business decisions on behalf of Unity House and maintaining and repatriating Unity House assets.

4825-1147-1360.5

5.    Tam is a resident of the City and County of Honolulu, Hawaii.  From at least 1996 through 2004, he was employed by Unity House.  He served on Unity House's Investment Committee and provided various services related to real estate and other investments.  For these services, he was paid approximately $5,000 to $6,000 per month, plus various expenses and bonuses.  Unity House terminated Tam on or about January 19, 2005.

6.    Investment Group, LLC is a Hawaii manager-managed limited liability company organized on or about January 11, 1999, under Hawaii's Uniform Limited Liability Company Act (Haw. Rev. Stat. Ch. 428).  Its office and principal place of business is in Honolulu, Hawaii.  Tam is and has been Investment Group, LLC's sole member and manager.  Investment Group, LLC is an alter ego of Tam.  Investment Group, LLC's registered mailing address is the same as Unity House's: 1701 Ala Wai Boulevard, Honolulu, Hawaii, 96815.

### III.    JURISDICTION AND VENUE

7.    This Court has jurisdiction over this matter pursuant to Haw. Rev. Stat. § 603-21.5(a)(3).

8.    Venue is proper in this circuit under Haw. Rev. Stat. § 603-36(5) because Tam resides in the First Circuit, Investment Group, LLC is headquartered in the First Circuit, and the claim for relief arose in the First Circuit.

### IV.    ALLEGATIONS COMMON TO ALL COUNTS

A.    Tam's Relationship to Unity House

9.    Tam, or an organization affiliated with and controlled by Tam, was hired by Unity House, or an organization affiliated with and controlled by Unity House, on or before March 1, 1996.  Tam was hired to provide various services to Unity House, including advising Unity House in its real estate investments and other investments.  As part of his services to Unity

3

House, Tam served on Unity House's Investment Committee. Tam occupied a position of trust and confidence with respect to Unity House.

10.    Tam was employed by Unity House for all or most of the period from at least 1996 until or about January 19, 2005, when he was terminated. For all or part of this time, "Consulting Agreements" existed between Tam (or a Tam-controlled entity) and Unity House (or a Unity House-controlled entity), which purport to establish the terms of the relationship between Tam (or the relevant Tam-controlled entity) and Unity House (or the relevant Unity House-controlled entity). In or about 2003, Tam had a contractual or other relationship with Unity House under which he continued to provide services to, and receive compensation from, Unity House.

B.    The Lokahi Greens Development

11.    In or about April 1998, Unity House contracted with the City and County of Honolulu (the "City") to purchase certain property in Ewa Villages, Hawaii. Unity House planned to develop this land for residential use. The development was and is known as Lokahi Greens. For some period currently unknown, Tam managed the Lokahi Greens project for Unity House.

12.    The purchase of property for the Lokahi Greens development was to take place in two phases. The first phase ("**Phase I**") was consummated in 1998, and consisted of 96 housing lots. Unity House's $9.2 million Phase I purchase was funded in part by $7.3 million provided by the United States Department of Housing and Urban Development ("**HUD**"). These funds were part of HUD's Community Development Block Grant ("**CDBG**") program. HUD did not directly grant the CDBG funds to Unity House; rather, HUD granted the CDBG funds to the City, which, in turn, provided them to Unity House. The use of the CDBG funds was subject to

4

certain restrictions imposed by the CDBG program. The 96 lots of Phase I, unlike the 57 lots that were to comprise the second phase of the purchase (**"Phase II"**), were to be low-to-moderate income housing. Unlike the Phase I purchase, the Phase II purchase was not to have been funded with CDBG funds.

13.    The Phase II purchase was never consummated. The City alleged that Unity House's failure to complete the Phase II purchase was a breach of contract. Unity House disputed this claim. On or about November 29, 2000, the City sued Unity House for its failure to complete the Phase II purchase.

14.    Unity House developed and sold the 96 lots that were purchased as part of Phase I. Under CDBG program regulations, a certain portion of the proceeds from those sales was to have been returned to the CDBG program. Unity House allegedly did not return any of the proceeds to the CDBG program.

15.    At some date currently unknown but prior to April 2002, HUD conducted an audit that detected approximately $1.1 million in proceeds from the sale of the Phase I lots that should have been put back into the CDBG program (the **"program income"**). HUD demanded that the City repay this program income. HUD threatened the City with the loss of additional HUD monies if the City failed to collect the program income from Unity House or otherwise return the program income.

C.    Settlement Negotiations

16.    At some point currently unknown, Unity House and the City began settlement negotiations intended to resolve the dispute over Phase II as well as the issue of the missing program income. Tam was present at some or all of the relevant negotiation meetings in his capacity as a representative of Unity House.

17.    Rather than repay the program income directly to the City, Unity House proposed using the program income in another project that was approved under the CDBG program. This option was intended to satisfy HUD's demand for the return of the program income. This option allowed Unity House to reinvest the program income in a project in Unity House's name.

18.    At these settlement negotiations, Tam suggested using the program income to purchase and develop property located, at least in part, at 45-677 Kamehameha Highway, Kaneohe, Hawaii, and known as the Val Hala Apartments. This project was eligible under the CDBG program and therefore satisfied HUD's concerns regarding proper use of the program income. But Tam did not offer the Val Hala Apartments project to Unity House such that Unity House might undertake the project in its own name. Instead, Tam caused the Val Hala Apartments project to be undertaken in the name of his own company, Investment Group, LLC.

19.    In or about 2003, the City, Unity House, and Investment Group, LLC signed a Settlement and Release Agreement (the **"Settlement Agreement"**).

20.    The Settlement Agreement resolved the City's claims against Unity House relating to the Phase II purchase.

21.    The Settlement Agreement also provided that Unity House would "return" the program income to the City by transferring it to Investment Group, LLC for use in the Val Hala Apartments project. No vote of Unity House's members was taken to approve this transaction.

22.    Pursuant to the terms of the Settlement Agreement, Tam and Investment Group, LLC received approximately $1.1 million in program income from Unity House for use in the Val Hala Apartments project. Tam and Investment Group, LLC never gave Unity House any interest in the Val Hala Apartments project, despite using Unity House's monies to fund the Val Hala Apartments project, and Unity House therefore never had any interest in the Val Hala

6

Apartments project.  Unity House also has never received any income or profits from the Val Hala Apartments project.

## V.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Usurpation of Corporate Opportunity
### (Against Defendant Tam)

23.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 22 of this Complaint as if fully set forth herein.

24.    At all relevant times, Tam occupied a position of trust and confidence with respect to Unity House.  By virtue of this position, Tam owed Unity House a duty to offer corporate opportunities to Unity House.

25.    Tam never offered the Val Hala Apartments project to Unity House such that Unity House might undertake the project in its own name.

26.    Unity House members never consented to Tam's acquisition of the Val Hala Apartments project.

27.    At the time of the Settlement Agreement, Unity House was financially able to undertake the Val Hala Apartments project.

28.    At the time of the Settlement Agreement, the Val Hala Apartments project was in the line of Unity House's business.

29.    At the time of the Settlement Agreement, Unity House had an interest or reasonable expectancy in the Val Hala Apartments project.

30.    By failing to offer the Val Hala Apartments project to Unity House and instead undertaking it in the name of his own company, Investment Group, LLC, Tam usurped a corporate opportunity.

31.    Plaintiff is therefore entitled to the relief requested below.

4825-1147-1360.5

## SECOND CAUSE OF ACTION
### Breach of Fiduciary Duties
### (Against Defendant Tam)

32.     Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 31 of this Complaint as if fully set forth herein.

33.     At all relevant times, Tam occupied a position of trust and confidence with respect to Unity House.

34.     At all relevant times, Tam, by virtue of his position of trust and confidence, owed fiduciary duties to Unity House.

35.     By failing to offer the Val Hala Apartments project to Unity House and undertaking the project in the name of his own company, Investment Group, LLC, Tam placed his personal interests above those of Unity House.

36.     Tam's acts constitute a breach of his fiduciary duties, particularly his duty of loyalty to Unity House.

37.     Tam forfeits any right to the compensation Plaintiff paid Tam during the entire period of Tam's breach of Tam's fiduciary duties to Plaintiff, and Plaintiff is entitled to the disgorgement of that compensation from Tam, as restitution or damages in an amount to be proven at trial.

38.     Plaintiff is therefore entitled to the relief requested below.

## THIRD CAUSE OF ACTION
### Breach of Contract
### (Against Defendant Tam)

39.     Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 38 of this Complaint as if fully set forth herein.

40.     During the relevant time period, Tam provided services for Plaintiff, including advising Plaintiff with respect to real estate transactions.  In exchange, Plaintiff provided

4825-1147-1360.5

compensation to Tam. During the relevant time period, there was no indication that Tam would provide his services without compensation.

41.    If no written contract existed between the parties during the relevant time period, Plaintiff and Tam were nevertheless mutually obligated under a contract implied in fact under the circumstances as understood by the parties.

42.    Under the contract that existed between the parties, Plaintiff was entitled to rely on and trust Tam's advice.

43.    Under the contract that existed between the parties, Tam was obligated to offer corporate opportunities to Unity House.

44.    Under the contract that existed between the parties, Tam was not entitled to put his own interests above those of Plaintiff in his dealings with Plaintiff.

45.    By failing to offer the Val Hala Apartments project to Unity House and undertaking the project in the name of his own company, Investment Group, LLC, Tam breached the contract that existed between Plaintiff and Tam.

46.    Plaintiff is therefore entitled to the relief requested below.

## FOURTH CAUSE OF ACTION
### Breach of Duty of Good Faith and Fair Dealing
### (Against Defendant Tam)

47.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 46 of this Complaint as if fully set forth herein.

48.    Under controlling Hawaii law, there is implied in every contract a duty of good faith and fair dealing. RESTATEMENT (SECOND) OF CONTRACTS § 205. Tam's duty of good faith and fair dealing was implied in Plaintiff's employment/agency agreement with Tam.

49.    Tam usurped a corporate opportunity and used Tam's position with Plaintiff to divert profits from Plaintiff to Tam through Investment Group, LLC. Tam's acts and omissions

4825-1147-1360.5

were not in good faith or with fair dealing with Plaintiff. Consequently, Tam has breached his

duty of good faith and fair dealing under Tam's employment/agency agreement with Plaintiff.

50.    As a direct proximate result of that breach of the duty of good faith and fair

dealing, Plaintiff has incurred substantial damages, in addition to those addressed above, in an

amount to be shown at trial.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment/Restitution/Disgorgement/Constructive Trust**
**(Against Defendants Tam and Investment Group, LLC)**

51.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 50 of this

Complaint as if fully set forth herein.

52.    Plaintiff is entitled to restitution and disgorgement concerning all profits Tam

derived, took, realized, or received concerning the Val Hala Apartments project:  (a) Tam was an

agent and fiduciary of Plaintiff, with a duty of loyalty to Plaintiff; (b) Tam's duty of loyalty to

Plaintiff prohibited Tam's usurpation of the corporate opportunity of the Val Hala Apartments

project; (c) Tam failed to disclose that corporate opportunity to the Plaintiff (or its board),

however, and Tam failed to explain that corporate opportunity to Plaintiff or tender it to Plaintiff;

and (d) instead, Tam usurped and took advantage of that corporate opportunity for himself,

through his wholly-owned company and alter ego Investment Group, LLC.

53.    Plaintiff is entitled to reimbursement for at least the amount that Tam and

Investment Group, LLC derived, took, realized, or received concerning the Val Hala Apartments

project, plus interest.  Retention by Tam and Investment Group, LLC would be unfair or

constitute an unjust enrichment, and Tam and Investment Group, LLC must disgorge those

profits made at the expense of Plaintiff as Tam's principal.  Plaintiff is entitled to recover at least

those profits, in addition to other damages to be proven at trial, as restitution, disgorgement, or

both, for all profits Tam derived, took, realized, or received from that corporate opportunity wrongfully usurped by Tam from Plaintiff.

54.    By continuing to retain the amounts that Tam and Investment Group, LLC derived, took, realized, or received concerning the Val Hala Apartments project, Tam and Investment Group, LLC have been unjustly enriched and continue to be unjustly enriched, which has resulted in an unjust windfall for Tam and Investment Group, LLC, at the expense of Plaintiff.

55.    Tam and Investment Group, LLC thereby have received unjustified benefits to the detriment of Plaintiff. Tam and Investment Group, LLC should be deemed to hold the benefits wrongfully obtained in constructive trust for Plaintiff, and to have an equitable duty to return those benefits to Plaintiff, including without limitation conveying to Plaintiff ownership/legal title to the Val Hala Apartments project. The Val Hala Apartments project rightfully belongs to Plaintiff, whose monies Tam and Investment Group, LLC used to fund the Val Hala Apartments project.

56.    Plaintiff is entitled to a declaration that Tam and Investment Group, LLC hold all benefits and funds derived, taken, or received by them from the Val Hala Apartments project in constructive trust for the benefit of Plaintiff, and the imposition of that constructive trust upon those benefits and funds, including without limitation the Val Hala Apartments project itself.

57.    Specifically, and non-exclusively, the constructive trust should include, at least, ownership/legal title to the Val Hala Apartments project and the amounts that Tam and Investment Group, LLC derived, took, realized, or received concerning the Val Hala Apartments project.

4825-1147-1360.5

58.    The conduct of Tam and Investment Group, LLC is contrary to the fundamental principles of justice or equity and good conscience, and Tam and Investment Group, LLC should be ordered to make restitution, in an amount to be proven at trial, and be ordered to compensate Plaintiff for the value of its unjust retention of benefits.

59.    Through Tam's unlawful acts described above, Tam has been unjustly enriched to the detriment of Plaintiff.

60.    Through Tam's unlawful acts described above, Investment Group, LLC has been unjustly enriched to the detriment of Plaintiff.

61.    As Tam's alter ego, Investment Group, LLC is not an innocent third party with respect to Tam's unlawful acts described above.

62.    Plaintiff is therefore entitled to the relief requested below.

### SIXTH CAUSE OF ACTION
### Piercing the Limited Liability Company Veil
### (Against Defendants Tam and Investment Group, LLC)

63.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 62 of this Complaint as if fully set forth herein.

64.    Tam has so commingled his personal business with, and his personal control of, Investment Group, LLC, that the limited liability company fiction for Investment Group, LLC should be completely disregarded for Investment Group, LLC concerning Tam.

65.    Tam individually is the alter ego of Investment Group, LLC, and Tam has used and is attempting to use the limited liability company fiction to insulate himself from personal liability, hide or secrete assets, or insulate himself from Plaintiff's rightful return of funds that Tam wrongfully derived, took, realized or received from the Val Hala Apartments project that equitably should have gone, and therefore fairly belong, to Plaintiff, which funds Tam and Investment Group, LLC have diverted, converted, or misappropriated to themselves.

12

4825-1147-1360.5

66.    Plaintiff is entitled to a declaration that the limited liability company veil of Investment Group, LLC is to be pierced concerning Tam, and that Tam is to be held personally liable to Plaintiff concerning the Val Hala Apartments project for any and all restitution owed to Plaintiff, or damages suffered by Plaintiff, as prayed for in this complaint.

### SEVENTH CAUSE OF ACTION
#### Accounting
#### (Against Defendants Tam and Investment Group, LLC)

67.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 66 of this Complaint as if fully set forth herein.

68.    Plaintiff is entitled to an accounting from Tam and Investment Group, LLC concerning all profits Tam and Investment Group, LLC derived, took, realized or received concerning the Val Hala Apartments project.

### EIGHTH CAUSE OF ACTION
#### Punitive Damages
#### (Against Defendants Tam and Investment Group, LLC)

69.    Plaintiff realleges and incorporates herein by reference ¶¶ 1 through 68 of this Complaint as if fully set forth herein.

70.    Tam and Investment Group, LLC usurped a corporate opportunity of Plaintiff and diverted profits therefrom for their own use, benefit, and profit.

71.    Tam and Investment Group, LLC acted grossly negligently, recklessly, wantonly, oppressively, and with a conscious disregard for the consequences of its and his actions to Plaintiff, his principal and fiduciary.

72.    Punitive damages are especially appropriate for a breach of the duty of loyalty, including, as here, the usurpation of a corporate opportunity by a fiduciary and the hidden diversion of profits by an agent away from his principal.

73.    As a direct and proximate result of Tam's and Investment Group, LLC's bad faith, breach of fiduciary duty, and otherwise grossly negligent, reckless, wanton, and oppressive acts, Plaintiff has sustained and continues to sustain damages, and Plaintiff therefore is entitled to substantial punitive damages in an amount to be determined at trial.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Tam and Investment Group, LLC, as follows:

(a)    For general and special damages in amounts to be proven at trial;

(b)    For punitive and exemplary damages in an amount to be proven at trial, consonant with constitutional limitations;

(c)    For equitable relief as requested herein, including without limitation restitution, constructive trust (including without limitation an order requiring Defendants Tam and Investment Group, LLC to convey ownership/legal title to Plaintiff to the Val Hala Apartments project), an accounting, and piercing the company veil;

(d)    For cost of trial and all reasonable attorney's fees and costs;

(e)    For pre-judgment interest and post-judgment interest; and

(f)    For such further relief as the court deems just and proper.

DATED:  Honolulu, Hawaii, January 6, 2005.


STEVEN M. EGESDAL
BROOK HART

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED,
IN RECEIVERSHIP

14

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership, | CIVIL NO. **05-1-2218-12 (BIA)** (Other Non-Vehicle Tort) |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| vs. | |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | |
| Defendants. | |

## DEMAND FOR JURY TRIAL

Comes now Plaintiff UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP, by and through its attorneys, and hereby demands a trial by jury.

DATED: Honolulu, Hawaii, January 6, 2005.

_____
STEVEN M. EGESDAL
BROOK HART

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED,
IN RECEIVERSHIP

4825-1147-1360.5

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 4 2004

at 3 o'clock and 20 min. P
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00438-DAE-BMK |
| Plaintiff, | ) ) | ORDER UNSEALING POST-INDICTMENT |
| vs. | ) ) ) | RESTRAINING ORDER DATED DECEMBER 10, 2004, APPLICATION, AND |
| AARON A. RUTLEDGE, (01) ANTHONY A. RUTLEDGE, SR. (02) a/k/a "TONY" RUTLEDGE, STAR-BEACHBOYS, INC., (03) | ) ) ) ) ) | ATTACHMENTS A & B. |
| Defendants. | ) ) | |

ORDER UNSEALING POST-INDICTMENT RESTRAINING ORDER DATED
DECEMBER 10, 2004, APPLICATION AND ATTACHMENTS A & B

The United States of America, by and through

its counsel, has made an ex-parte application to immediately

unseal the Post-Indictment Restraining Order Dated December 10,

2004, Application and Attachments A & B.  This Order is requested

and hereby GRANTED to supplement the Court's previous oral

permission at the time of signing to unseal the documents

referenced above as required to execute the Court's Order.

The Declaration of Special Agent Greg Miki and attached exhibits

shall remain under seal until further order of the Court.

IT IS SO ORDERED.

DATED: December 14, 2004, in Honolulu, Hawaii.

SAMUEL P. KING
SAMUEL P. KING, SR.
Senior United States District Judge
District of Hawaii

United States v. Aaron A. Rutledge, Anthony A. Rutledge, Sr. &
Star-Beachboys, Inc., CR. No. 02-00438-DAE-BMK; ORDER UNSEALING
POST-INDICTMENT RESTRAINING ORDER DATED DECEMBER 10, 2004,
APPLICATION AND ATTACHMENTS A & B.

CERTIFIED A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii

EXHIBIT A

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 1 0 2004

at ____ o'clock and ____ min.
WALTER A. Y. H. CHINN, CLE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00438-DAE-BMK |
| Plaintiff, | ) | |
| | ) | EX-PARTE POST-INDICTMENT |
| vs. | ) | INDICTMENT RESTRAINING ORDER |
| | ) | |
| AARON A. RUTLEDGE,      (01) | ) | |
| ANTHONY A. RUTLEDGE, SR. (02) | ) | |
| a/k/a "TONY" RUTLEDGE, | ) | |
| STAR-BEACHBOYS, INC.,   (03) | ) | |
| | ) | |
| Defendants. | ) | |

<u>EX-PARTE POST-INDICTMENT RESTRAINING ORDER</u>

The United States Government has made an *ex-parte* application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to immediately preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action and which appears to be under imminent threat of being made permanently unavailable for these proceedings through the defendants' control of the entity Unity House, Inc. with probable cause to believe that the entity has been and continues to be operated as an alter ego corporation of the defendants ANTHONY A. RUTLEDGE, SR. and his son, defendant AARON A. RUTLEDGE contrary to the best interests of the membership and beneficiaries of Unity House, Inc. and under threat of immediate and irreparable harm to the assets identified in this application by the United States.

1

Accordingly, upon consideration of the United States' application and the verified materials submitted in support thereof, and the sealed Third Superseding Indictment containing the Grand Jury's findings of probable cause against defendants ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, and others known and unknown to the Grand Jury, of an on-going scheme to defraud the members and beneficiaries of the non-profit entity known as Unity House, Inc. and its related entities, and further finding probable cause to believe that the current directors and management of Unity House, Inc. are conflicted and incapable of taking corrective actions to preserve the subject property from the scheme and those who have a fiduciary duty to protect the assets, the Court hereby finds the following:

1.   That a Grand Jury of this District has returned a sealed Third Superseding Indictment against defendants ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, charging them with mail and wire fraud, and conspiracy to commit mail and wire fraud, in violation of Title 18 United State Code, Sections 1341, 1341, 1346, and 371; Title 29, United States Code, Section 186; and a conspiracy to defraud the United States Department of Treasury, Internal Revenue Service.  See United States v. Anthony A. Rutledge, Sr. et al., CR. No. 02-00438-DAE-BMK.  As part of said Third Superseding Indictment, the United States is seeking the criminal forfeiture under 18 U.S.C. §§ 982, 981(a)(1)(C) and 28

2

U.S.C. § 2461(c) of certain property in which each identified defendant holds an interest, as detailed in Attachments A & B to the United States' Ex-parte Application for a Post-Indictment Restraining Order and incorporated herein.

2. That the Grand Jury's Third Superseding Indictment of defendants ANTHONY A. RUTLEDGE, SR. and AARON A. RUTLEDGE, together with the Grand Jury's finding of probable cause for forfeiture, as well as the affidavit of Internal Revenue Service Special Agent Greg Miki, which specifically identifies property as being subject to forfeiture under 18 U.S.C. §§ 982, 981(a)(1)(C) and 28 U.S.C. § 2461(c), establishes sufficient probable cause for the issuance of this restraining Order and justification for taking the identified entity and related property under the immediate supervision of this Court pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

3. That in the event ANTHONY A. RUTLEDGE, SR. and AARON A. RUTLEDGE are convicted of the charges alleged in said Superseding Indictment, the subject property would be subject to forfeiture under 18 U.S.C. §§ 982, 981(a)(1)(C) and 28 U.S.C. § 2461(c). The properties and monies are under the present control of the defendants by virtue of their control over the business affairs of Unity House, Inc. and the elimination of the membership of Unity House, Inc. as required to receive the benefits of its tax exempt status.

4.  That there exists an immediate need to preserve the availability of the subject properties under threat that some or all of the identified assets will be sold and/or relocated beyond the reach of the United States Government and the jurisdiction of this Court absent the immediate execution of this Order that outweighs any and all hardships on any party against whom this Order is to be entered.

5.  That any third party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS FURTHER ORDERED AND DECREED:

THAT effective immediately, ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, including but not limited to the directors and management of Unity House, Inc., all of its related entities, and those persons, financial institutions, or other entities who assert a claim over any interest, or assert any legal claim or control over the subject property on behalf of Unity House and all of its related entities, are hereby,

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and

4

an opportunity for the United States to be heard, from attempting
or completing any contract or taking any action that would affect
the availability, marketability or value of said property or
legal interest, including but not limited to selling,
transferring, assigning, pledging, distributing, encumbering,
wasting, secreting, depreciating, damaging, or in any way
diminishing the value of, all or any part of their interest,
direct or indirect, in the property and monetary interests
identified below and in the attachments A & B:

| 1 | Currents Assets | | |
|---|---|---|---|
| 2 | First Hawaiian Bank Account - Acct. #01-055798, 05-055169, 88-021282 | $1,913,132.19 | |
| 3 | Petty Cash Fund | $2,150.00 | |
| 4 | Paine Webber - Acct #IJ 60076 ST | $4,233,242.22 | |
| 5 | First Hawaiian Bank Nasdaq 100 - Acct. #73-2351-03-6 | $1,494,872.20 | |
| 6 | Pacifiic Centrury Trust-Unity Reserve Acct #140024803 | $160,120.02 | |
| 7 | Pacific Century Trust-Bidwell Large Cap Acct. #140025800 | $4,751,923.59 | |
| 8 | Pacific Century Trust-Granite Investment Advisors (Equity) Acct. #140028150 | $5,784,577.40 | |
| 9 | Receivable - Innovative Financial Services | $(2,486,594.13) | |
| 10 | Receivable - Hale Lokahi | $493,095.13 | |
| 11 | Receivable - Lokahi Greens in Ewa | $(209,560.68) | |

5

| | | | |
|---|---|---|---|
| 12 | Receivable - Kapiolani 720 (NCR Building) | $5,368,072.97 | |
| 13 | Receivable - Lokahi Trovare in Ewa | $(101,134.79) | |
| 14 | Receivable - Others | $37,184.00 | |
| 15 | Receivable - Employees | $5,700.00 | |
| 16 | Acct/Rec - Ceatech | $2,622.16 | |
| 17 | Note Rec. - Heavenly Road Project | $537,303.00 | |
| 18 | Note Rec. - Romeo Mindo | $40,000.00 | |
| 19 | Note Rec. - Grant Kidani | $50,000.00 | |
| 20 | Note Rec. - P. Noga | $1,500.00 | |
| 21 | Note Rec. - Hawaii Hospital and Healthcare Workers Union | $35,000.00 | |
| 22 | Note Rec. - Chabad Lubavitch | $222,500.00 | |
| 23 | Prepaid Insurance | $57,647.92 | |
| 24 | Prepaid Expense | $392.00 | |
| 25 | Travel Deposits - Retirees | $(3,088.00) | |
| 26 | Acct. Rec. - Kornhauser | $52,657.47 | |
| 27 | Investment in Hale Lokahi Ltd. | $2,285,878.79 | |
| 28 | Investment in Kapiolani 720 | $407,575.40 | |
| 29 | Investment in Oceanside | $(84,820.50) | |
| 30 | Hoana Investment LLC | $28,514.00 | |
| 31 | HI.FF Cook Book | $1,000,000.00 | |
| 32 | Investment in Legends of Heavenly Road | $55,208.35 | |
| 33 | Investment in Ceatech | $125,000.00 | |
| 34 | | $3,046,350.00 | |
| 35 | Total Current Assets | | $29,307,020.71 |
| 36 | **Fixed Assets** | | |
| 37 | Land - Punaluu | $4,023,188.16 | |
| 38 | Marks Estate | $2,655,895.09 | |
| 39 | Furniture & Equipment | $272,838.88 | |
| 40 | Equipment - Retiree Center | $1,505.09 | |
| 41 | Office Improvements | $96,291.51 | |
| 42 | Office Improvements - 3rd Floor | $33,315.43 | |

| | | | |
|---|---|---|---|
| 43 | Office Improvements - 307 Kamani Street | $38,651.20 | |
| 44 | 1777 Ala Moana Blvd. condo | $490,200.64 | |
| 45 | 1777 Ala Moana Blvd. condo renovation | $27,470.80 | |
| 46 | Punaluu Condo BL-202 | $20,774.47 | |
| 47 | Punaluu Condo renovation | $16,265.38 | |
| 48 | 1701 Ala Wai Property | $4,626,677.81 | |
| 49 | 1701 Ala Wai Property - Improvements | $1,286,901.31 | |
| 50 | 1701 Ala Wai Property - F & E | $95,024.06 | |
| 51 | Accum. Depreciation | $(883,195.75) | |
| | | | |
| 52 | Total Fixed Assets | | $12,801,804.08 |
| 53 | Other Assets | | |
| 54 | Deposits - Property Leases | $5,106.34 | |
| 55 | Settlement - ring | $50,000.00 | |
| 56 | Settlement - Morgan Dollars | $520.00 | |
| | | | |
| 57 | Total Other Assets | | $55,626.34 |
| | | | |
| 58 | Total Assets | | $42,164,451.13 |

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall seize and take custody of the identified properties and monetary interests and maintain them in their custody and control until further order of this Court.

IT IS FURTHER ORDERED that all occupants of the identified real properties, except third-party tenants with existing valid written leases, shall vacate the real properties and surrender possession thereof to the Internal Revenue Service,

and/or EG & G Technical Services, Inc., and their authorized agents and representatives, and said occupants shall, immediately upon execution of this Order, remove any personal possessions not subject to forfeiture unless, in the sole discretion of the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, the occupants immediately execute an occupany agreement in a form satisfactory to the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, pending final resolution of this forfeiture proceeding.  Any existing valid written leases shall remain in full force and effect during their term, and any agreed extensions thereof, and shall be recognized by the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives.  Rental payments shall be made to the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, instead of the prior owners.

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, may be accompanied by federal, state, or local law enforcement officers to assist in the execution of this Order, and shall take all reasonable business decisions, including the ability to retain or fire any

and all employees and consultants, terminate any or all contracts, change locks, collect receivables, prevent the transfer of any and all real property, monies, investments and any other interests subject to the restraining order, and make timely payment of all mortgage payments, and insurance, utilities, taxes, and assessments until further order of this Court. The United States is permitted to enter said real properties to videotape conditions in order to verify the conditions and that said properties are being well maintained.

IT IS FURTHER ORDERED that any financial institutions holding any accounts subject to this Order shall take no offsets against such accounts. They shall continue to credit any deposits, interest, dividends, or other credits to such accounts in the normal course of business, and such deposits, interest, dividends, and other credits shall be subject to this Order. In addition, upon receiving notice of this Order, each financial institution shall promptly inform the Government as to the account balances at the time of notice, and shall thereafter supplement such information by reporting to the Government any changes to the accounts, and by responding promptly to requests by the Government for information on the accounts' current status.

IT IS FURTHER ORDERED that any financial institutions holding mortgages on real properties subject to this Order shall

respond promptly to requests by the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, for information on said mortgages' current status.

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall hire a real estate appraiser and have each of the identified real properties and interests appraised to determine fair market value of the properties and retain the services of any necessary resources to protect and maintain the identified properties until further order of the Court.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that the United States Marshal or his designee shall promptly serve a copy of this Restraining Order upon ANTHONY A. RUTLEDGE, SR., AARON A. RUTLEDGE, and all individuals claiming to represent Unity House and the interests identified above as possessing the property listed, escort all individuals from the premises with only their personal items, permitting no documents, records, files or any property belonging to Unity House, Inc. and its related entities from being removed

from the properties, and shall thereafter make a return thereon reflecting the date and time of service.

IT IS FURTHER ORDERED that the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall custody and possession of the identified properties and monetary interests on behalf of this Court, including any known or unknown safe deposit boxes, bank accounts, investments and properties in which Unity House has an interest and shall maintain such interests in their custody and control until further order of this Court.

IT IS FURTHER ORDERED the Internal Revenue Service, and/or EG & G Technical Services, Inc., and their authorized agents and representatives, shall have the sole power and discretion to retain or terminate legal services currently retained or being paid by Unity House, Inc. or any of its related entities, and shall attempt to immediately collect unpaid receivables, repatriate assets, or take any other action until further order of this Court.

Upon application of the United States, and pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any order necessary to effectuate and prevent the frustration of the execution of this Order.

11

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: December 10, 2004, at Honolulu, Hawaii.

SAMUEL P. KING

SAMUEL P. KING, SR.
Senior United States District Judge
District of Hawaii

UNITED STATES v. AARON A. RUTLEDGE, ANTHONY A. RUTLEDGE, SR. a/k/a "Tony" RUTLEDGE, & STAR-BEACHBOYS, INC., CR. No. 02-00438-DAE-BMK; EX-PARTE POST-INDICTMENT RESTRAINING ORDER.

12

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership,<br><br>        Plaintiff,<br><br>  vs.<br><br>RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company,<br><br>        Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Comes now Plaintiff UNITY HOUSE, INCORPORATED, IN RECEIVERSHIP, by and through its attorneys, and hereby demands a trial by jury.

DATED: Honolulu, Hawaii, December 14, 2005.

_____
STEVEN M. EGESDAL
BROOK HART

Attorneys for Plaintiff
UNITY HOUSE, INCORPORATED,
IN RECEIVERSHIP

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership,<br><br>Plaintiff,<br><br>vs.<br><br>RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company,<br><br>Defendants. | CIVIL NO. **05-1-2218-12 (BIA)**<br>(Other Non-Vehicle Tort)<br><br>SUMMONS |

## SUMMONS

STATE OF HAWAII

TO:   THE ABOVE-NAMED DEFENDANTS RUDY L. K. TAM
        AND INVESTMENT GROUP, LLC:

You are hereby summoned and required to serve upon THE LAW OFFICES OF BROOK

HART and CARLSMITH BALL, LLP, attorneys for Plaintiff UNITY HOUSE,

INCORPORATED, IN RECEIVERSHIP, whose address is 333 Queen Street, Suite 610,

Honolulu, Hawaii, 96813, an answer to the First Amended Complaint which is herewith served

upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day

of service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the First Amended Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on

premises not open to the general public, unless a judge of the above-entitled court permits, in

writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, _____JAN 6    2006_____.

H. CHING

CLERK OF THE ABOVE-ENTITLED COURT



HEI
Cit\

Home    **Property Search**

Address    Parcel ID    **Advanced**

C
K ‹

**Ret**

450490260000

45-677 KAM HWY                                          INVESTMENT GROUP LLC

**RECORD DETAILS**

- Parcel Data
- Permits
- Land Details
- Assessed Values
- Sales History
  - Residential
  - Commercial
  - Other Improvements
  - Sketch
  - Tax Bill
  - Tax Details 2005
  - Tax Details 2004
  - Tax Details 2003
  - Tax Details 2002
  - Tax Details 2001
- Parcel Map

**Sales**

| Instrument Date | Sale Amount | Instrument # | Instrument Type | Recordation Date | Land Court Doc# | Certificate Number | Book/Page |
|---|---|---|---|---|---|---|---|
| 10/31/2003 | $2,300,000 | 2003-239773 | FEE CONVEYANCE | 10/31/2003 | | / | |
| 09/12/2003 | | 2003-239772 | FEE CONVEYANCE | 10/31/2003 | | / | |
| 11/22/1999 | | 9900194577 | FEE CONVEYANCE | 12/09/1999 | | / | |

Data Last Updated : 4/30/2006

**Disclaimer**

The City and County of Honolulu Real Property Assessment & Treasury Divisions make every possible effort to produce and publish the most current and accurate information. No warranties, expressed or implied, are provided for the data herein, its use, or its interpretation. Utilization of the search facility indicates understanding and acceptance of this statement by the user.

Data Copyright Honolulu County Public Access [Disclaimer]  Last Updated: 4/30/2006
Site Design Copyright 1999-2004 Akanda Group LLC. All rights reserved.

EXHIBIT ___C___



POWERED BY AKANDA

HONOLULU, HAWAII

HE|

Cit|

Home    Property Search

Address    Parcel ID    Advanced

RECORD DETAILS

Parcel Data
Permits
Land Details
Assessed Values
Sales History
Residential
Commercial
Other Improvements
Sketch
Tax Bill
Tax Details 2005
Tax Details 2004
Tax Details 2003
Tax Details 2002
Tax Details 2001
Parcel Map

450490220000

45-683 KAM HWY                          INVESTMENT GROUP LLC          C

K <

Ret

**Sales**

| Instrument Date | Sale Amount | Instrument # | Instrument Type | Recordation Date | Land Court Doc# | Certificate Number | Book/Page |
|---|---|---|---|---|---|---|---|
| 10/29/2003 | $900,000 | 2003-237573 | LEASE | 10/29/2003 | | / | |
| 05/06/1998 | $100 | 9800099688 | LEASE | 07/09/1998 | | / | |
| 10/19/1995 | $1,200,000 | 9500149389 | FEE CONVEYANCE | 11/16/1995 | | / | |
| 10/19/1995 | | 9500149388 | FEE CONVEYANCE | 11/16/1995 | | / | |
| 07/26/1995 | | 9500119238 | FEE CONVEYANCE | 09/15/1995 | | / | |
| 07/26/1995 | | 9500119239 | FEE CONVEYANCE | 09/15/1995 | | / | |
| 12/21/1994 | | 9500070541 | FEE CONVEYANCE | 05/26/1995 | | / | |
| 12/21/1994 | | 9500070542 | FEE CONVEYANCE | 05/26/1995 | | / | |
| 04/20/1987 | | 0000114102 | | 07/30/1987 | | | 20956/557 |
| 04/20/1987 | | 0000114101 | FEE CONVEYANCE | 07/30/1987 | | | 20956/552 |

Data Last Updated : 4/30/2006

Disclaimer

The City and County of Honolulu Real Property Assessment & Treasury Divisions make every possible effort to produce and publish the most current and accurate information. No warranties, expressed or implied, are provided for the data herein, its use, or its interpretation. Utilization of the search facility indicates understanding and acceptance of this statement by the user.

Data Copyright Honolulu County Public Access [Disclaimer] Last Updated: 4/30/2006
Site Design Copyright 1999-2004 Akanda Group LLC. All rights reserved.

EXHIBIT D

# KIDANI LAW CENTER

Honolulu

Attorneys at Law · A Law Corporation

May 5, 2006

*Via Fax 523-0842 & U.S. Mail*
Steven Egesdal, Esq.
Carlsmith Ball LLP
ASB Tower, Ste. 2200
1001 Bishop St.
Honolulu, HI 96813

Re:   Unity House Inc. v. Rudy Tam, et. al.
Civil No. :     05-1-2218-12 (BIA)
Our File:      2005210

Dear Mr. Egesdal:

  We represent the interests of Rudy Tam and Investment Group, LLC in the above-entitled matter. We request your cooperation in keeping the property located, at least in part, at 45-677 Kamehameha Hwy, Kaneohe, Hawaii, and known as the Val Hala Apartments ("Val Hala Apartments") in livable condition.

  Prior to your lawsuit, the Val Hala Apartments were undergoing renovations to correct structural and safety problems. Basically, the salt air corroded one of the two stairwells which then collapsed making it impassable. Consequently, the tenants of the Val Hala Apartments currently only have one stairwell to access their apartments.

  The contractor on this project was to be paid, in part, periodically from a line of credit through First Hawaiian Bank secured by the Val Hala Apartments. The line of credit is such that it can only be used for the Val Hala Apartments. The contractor is currently owed approximately $60,000 for work already completed and does not want to complete the job unless he is paid.

  However, the Notice of Pendency of Action ("NOPA") in this case prevents First Hawaiian Bank from perfecting its lien on the Val Hala Apartments for any new monies issued for the repairs in progress. Hence, First Hawaiian Bank refuses to release the monies which would be used to pay the contractor. Consequently, the contractor is threatening to leave the project and removing the scaffolding. The delay and shutdown of the project will only increase the overall costs to repeat previous work done, harm the value of the Val Hala Apartments, and further inconvenience the tenants. This action is uncalled for under the circumstances as your claims have no factual basis other than supposition.

EXHIBIT ___ E

Letter to S. Egesdal, Esq.
5/5/2006
Page 2 of 2

Moreover, we do not believe you have a good faith basis for the NOPA. Well-settled Hawaii law does not allow Unity House to impose a constructive trust on the Val Hala Apartments under the facts you alleged. At best, Unity House would have a claim for an equitable lien which is insufficient for a NOPA. Further, there was no property or funds whatsoever transferred from Unity House to our clients. The Community Development Block Grant ("CDBG") funds belonged to the City and County of Honolulu, not Unity House. As such, our clients could not have been unjustly enriched and a constructive trust also would not be allowed. In essence you are slandering the title to the property and clouding the title to the property which is causing our client damages on a daily basis.

Therefore, we demand that you agree to some provision whereby First Hawaiian Bank can perfect its lien on the Val Hala Apartments and release the monies for the contractor. Unity House will not be prejudiced as it is claiming ownership of the Val Hala Apartments. The project is necessary and must be completed with all reasonable speed. We note that First Hawaiian Bank required three bids and an independent evaluator to assess the work as a condition of the line of credit. We can provide further information if you have any concerns. We would hope that we could at least start a dialogue as to this issue so as not to harm the tenants of the Val Hala Apartments, a dangerous situation is not created, and overall costs are not increased.

Nothing contained herein should be construed as an admission, waiver or prejudice the interest of our client to litigate any issue in the future, rather the foregoing is submitted pursuant to Rule 408 of the Hawaii and Federal Rules of Evidence.

Very truly yours,

KIDANI LAW CENTER

Grant K. Kidani

cc:     Client via email

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED, In Receivership | ) ) ) | CIVIL NO. 05-1-2218-12 BIA (Other Non-Vehicle Tort) |
| Plaintiff, | ) ) ) | NOTICE OF HEARING MOTION AND CERTIFICATE OF SERVICE |
| vs. | ) ) | |
| RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF HEARING MOTION

TO:     **STEVEN M. EGESDAL, ESQ.**
ASB Tower, Suite 220
1001 Bishop Street
Honolulu, Hawaii, 96813

**BROOK HART, ESQ.**
333 Queen Street, Suite 610
Honolulu, Hawaii, 96813

Attorneys for Plaintiff
UNITY HOUSE, INC, In Receivership

NOTICE IS HEREBY GIVEN that *Defendant's Motion to Expunge Notice of Lis Pendens* shall come for hearing before the Honorable Bert Ayabe, Judge of the above-entitled Court, in his Courtroom, at the First Circuit Court, State of Hawaii, Kaahumanu Hale, 777 Punchbowl Street, 4th Floor, Honolulu, Hawaii, 96813, on _____JUN 14_____, 2006 at ___10:00___ a .m. or as soon thereafter as counsel may be heard.

DATED:    Honolulu, Hawaii, _____MAY 0 8 2006_____.

_____

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on ___MAY 0 8 2006___, a copy of the

foregoing document was duly served upon the following at his/their last known address(es) in the

manner indicated below:

<u>HAND-DELIVERED</u>        <u>MAILED</u>

(XXX)                    **STEVEN M. EGESDAL, ESQ.**
                         ASB Tower, Suite 220
                         1001 Bishop Street
                         Honolulu, Hawaii, 96813


(XXX)                    **BROOK HART, ESQ.**
                         333 Queen Street, Suite 610
                         Honolulu, Hawaii, 96813


DATED:    Honolulu, Hawaii, _____MAY 0 8 2006_____.

_____

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC