1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 JUN -9 PM 3: 01

E. ALAGAO
CLERK

KIDANI LAW CENTER
Attorneys at Law
A Law Corporation

| | |
|---|---|
| GRANT K. KIDANI | 2152-0 |
| ALAN L. WONG | 7051-0 |

300 Kidani Law Center
233 Merchant Street
Honolulu, Hawaii 96813
Telephone: (808) 521-0933

Attorneys for Defendants
RUDY L.K. TAM and INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership | )<br>)<br>) | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort) |
| Plaintiff, | )<br>) | |
| vs. | )<br>)<br>)<br>)<br>)<br>) | DEFENDANTS RUDY L.K. TAM AND<br>INVESTMENT GROUP, LLC'S **REPLY<br>MEMORANDUM** TO PLAINTIFF UNITY<br>HOUSE, INCORPORATED'S<br>MEMORANDUM IN OPPOSITION TO |
| RUDY L.K. TAM and INVESTMENT<br>GROUP, LLC, a Hawaii limited liability<br>company, | )<br>)<br>)<br>)<br>) | DEFENDANTS RUDY L.K. TAM AND<br>INVESTMENT GROUP, LLC'S MOTION<br>TO EXPUNGE NOTICE OF LIS PENDENS<br>FILED ON MAY 9, 2006; CERTIFICATE OF<br>SERVICE |
| Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | Date: June 14, 2006<br>Time: 10:00 a.m.<br>Judge Bert I. Ayabe |



EXHIBIT E

DEFENDANTS RUDY L.K. TAM AND INVESTMENT
GROUP, LLC'S **REPLY MEMORANDUM** TO
PLAINTIFF UNITY HOUSE, INCORPORATED'S
MEMORANDUM IN OPPOSITION TO
DEFENDANTS RUDY L.K. TAM AND INVESTMENT
GROUP, LLC'S MOTION TO EXPUNGE
NOTICE OF LIS PENDENS FILED ON MAY 9, 2006

COME NOW Defendants RUDY L.K. TAM and INVESTMENT GROUP, LLC (hereinafter individually referred to as "Mr. Tam" and "Investment Group" respectively and collectively referred to as "Defendants"), by and through their attorneys the KIDANI LAW CENTER, and hereby reply to Plaintiff Unity House, Incorporated's Memorandum In Opposition To Defendants Rudy L.K. Tam And Investment Group, LLC'S Motion To Expunge Notice Of Lis Pendens Filed On May 9, 2006 filed on June 2, 2006 (hereinafter referred to as "Memorandum In Opposition").

I.    **ARGUMENT**

Plaintiff Unity House ("Plaintiff") devotes most of its Memorandum in Opposition arguing that a claim for a constructive trust can support a notice of lis pendens ("NOPA").[1] This is entirely irrelevant and not the issue. Defendants are **not** arguing whether or not a constructive trust can support a NOPA. Defendants are arguing that there is no viable constructive trust claim. The constructive trust claim is Plaintiff's only justification for the NOPA. Consequently, if there is no constructive trust claim, there is no support for the NOPA since this litigation does not affect the title or possession to real property and the NOPA should be expunged.

---

[1] This is most evident in Plaintiff's framing of the issue: "The issue here is straightforward: Can a plaintiff-principal file a notice of lis pendens concerning a constructive trust claim (based on a defendant-agent's breach of fiduciary duty), which seeks legal title to a specific piece of Hawaii real property held by the defendant-agent (directly or through his company), and the parties' dispute is tied to that real property?" See, p. 3 of Memorandum in Opposition.

A.  PLAINTIFF AVOIDS THE REAL ISSUE THAT THERE IS NO BASIS FOR A CONSTRUCTIVE TRUST UNDER THE ALLEGATIONS OF THE COMPLAINT

A thorough reading of the Memorandum in Opposition shows a paucity of relevant argument. Plaintiff argues at page 10 that foreign case law allows a constructive trust to support a NOPA., which as stated above, is not in issue and never raised by Defendants. The only relevant statement therein is conclusory and erroneous based on the facts of the Complaint and further supports our argument that there can be no constructive trust. Plaintiff states, "Unity House's theory of the case is that its agent **Tam took Unity House funds** to develop the subject real property, **in breach of Tam's fiduciary duties**." See, p. 6 of Memorandum in Opposition (bold added).

Plaintiff's allegation that "Tam took Unity House funds" in breach of his fiduciary duties is central to its claim for a constructive trust on those funds. However, as argued in our original motion and stated in the Complaint, the Unity House funds in question belonged to the CDBG program and were returned to the City and County of Honolulu ("City") as part of a settlement. See, ¶ 21 of Complaint attached as Exhibit "B" to Motion which states in pertinent part ("Unity House would 'return' the CDBG income to the city"). This was admitted in the Complaint. These funds never belonged to Unity House, and if they did, any claim to them was resolved in that settlement. Hence, there is no basis for a constructive trust on money that Plaintiff never owned and there is no basis for the NOPA.

B.  A CLAIM FOR A CONSTRUCTIVE TRUST IS NOT A LOOPHOLE TO OBTAIN A LIS PENDENS

The sheer enormity of Plaintiff's argument that a claim for a constructive trust supports a NOPA (when Defendants did not even raise the issue), leads us to believe that this is simply a method to improperly encumber the property. Claiming a constructive trust should

never become a perfunctory reason justifying a NOPA. Moreover, and to reiterate, we are arguing that there is no basis for a constructive trust under the allegations of the Complaint. Therefore, whether or not a claim for a constructive trust supports a NOPA does not come into play. Because the claim for a constructive trust is the only basis cited by Plaintiff for the NOPA, there can be no NOPA if there is no constructive trust,.

### C. THERE CAN BE NO CONSTRUCTIVE TRUST BECAUSE DEFENDANTS DID NOT WRONGFULLY ACQUIRE OR USE ANY OF PLAINTIFF'S MONEY

What remains of Plaintiff's Memorandum in Opposition is approximately three pages of argument. In that space, Plaintiff has not and cannot show there are any facts sufficient for a constructive trust on the property. Plaintiff does not and cannot allege that it owned anything or that it was wrongfully taken by Defendants. Under the broadest interpretation of Hawaii law imposing a constructive trust, there must at least be the wrongful acquiring and using of money. DeMello v. Home Escrow, 4 Haw. App. 41, 48 (1983)(citing Peine v. Murphy, 46 Haw. 233 (1962).[2]

Plaintiff **never** elaborates on how it could possibly own the $1.1 million in CDBG funds in the first place when it settled those claims and returned that money to the City and County of Honolulu. See, ¶ 21 of Complaint attached as Exhibit "B" to Motion which states in pertinent part ("Unity House would 'return' the CDBG income to the city"). Instead, Plaintiff keeps jumping to what the remedy of a constructive trust allows because it cannot allege the elements necessary for the remedy.

---

[2] "A constructive trust arises where there is a confidential relationship between the transferor and the transferee, and the former relies upon the latter's promise to reconvey the property. Lee v. Wong, 57 Haw. 137, 552 P.2d 635 (1976); Fairfield v. Medeiros, 50 Haw. 73, 431 P.2d 296 (1967). Such trust also may arise in favor of the person whose money was wrongfully acquired and used. Peine v. Murphy, 46 Haw. 233, 377 P.2d 708 (1962). The policy basis of a constructive trust is to prevent the holder of the property from being unjustly enriched due to fraud, duress or other unconscionable conduct. 76 Am.Jur.2d Trusts §§ 221, 222 (1975)."

4

➢ Plaintiff suggests that a constructive trust is "a typical equitable remedy for an agent's breach of his fiduciary duty". See, p. 11 of Memorandum in Opposition. Yet, Plaintiff does not reconcile how there could be a breach when nothing was taken from Plaintiff. Again, Plaintiff returned the $1.1 million in CDBG funds to the City.

➢ Plaintiff suggests that the merits of a constructive trust are off-limits and cannot be disputed. See, p. 11 of Memorandum in Opposition. Were this true, everyone would claim a constructive trust simply to avoid the restrictions imposed by S. Utsunomiya on equitable liens. Moreover, Defendants simply rely on the allegations made in the Complaint. The problem Plaintiff is attempting to avoid is that Plaintiff alleged in the Complaint that it returned the $1.1 million to the City. This automatically guts all of Plaintiff's claims because there was nothing for Defendants to wrongfully acquire.

➢ Plaintiff suggests that "Equity therefore disgorges the benefit from the cheating agent." See, p. 11 of Memorandum in Opposition. And again, Plaintiff never addresses how the $1.1 million was taken from it when **Plaintiff**, as alleged in the Complaint, returned that money to the City.

➢ Plaintiff suggests that if it proves its case Defendants "will have to disgorge all benefits". See, p. 11 of Memorandum in Opposition. Yet again, Plaintiff makes conclusory arguments and makes no mention of how anything could have been taken when it was voluntarily given to the City in settlement.

➢ Plaintiff suggests that it is not up to Defendants to decide what relief it may seek for breach of fiduciary duty. See, p. 12 of Memorandum in Opposition. Again, Plaintiff jumps to the conclusion that a constructive trust should be imposed without even alleging the proper supporting facts.

5

Plaintiff dances around the fact that it alleged in the Complaint that the $1.1 million in CDBG funds were returned to the City **as part of a settlement which was final and binding**. This is a significant hole in Plaintiff's legal theory. Unless Plaintiff can show how it was entitled to the use of the $1.1 million in CDBG funds when it was returned to the City by final and binding settlement, the NOPA should be expunged as there is no basis for a constructive trust and has been maliciously advanced to interfere with the ongoing renovations to make the premises more safe.

II.     **CONCLUSION**

Based on the foregoing reasons, the Memorandum in Support of Motion, and the records and files herein, it is respectfully submitted and requested that this Honorable Court expunge the Notice of Lis Pendens on the Property filed by Plaintiff in the Bureau of Conveyances on January 9, 2006 as Document No. 2006-004687.

Defendants also request their fees and costs for filing and arguing this Motion to remove the wrongful encumbrance on Defendant Investment Group's property.

DATED:   Honolulu, Hawaii,   JUN 0 9 2006

_____
GRANT K. KIDANI
ALAN L.W ONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| UNITY HOUSE, INCORPORATED,<br>In Receivership<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RUDY L.K. TAM and INVESTMENT GROUP, LLC, a Hawaii limited liability company,<br><br>　　　　　Defendants. | CIVIL NO. 05-1-2218-12 BIA<br>(Other Non-Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on ____JUN 0 9 2006____, a copy of the foregoing document was duly served upon the following at his/their last known address(es) in the manner indicated below:

HAND-DELIVERED　　　　MAILED

(XXX)　　　　　　　　　　**STEVEN M. EGESDAL, ESQ.**
　　　　　　　　　　　　　ASB Tower, Suite 220
　　　　　　　　　　　　　1001 Bishop Street
　　　　　　　　　　　　　Honolulu, Hawaii, 96813

<u>HAND-DELIVERED</u>     <u>MAILED</u>

(XXX)

**BROOK HART, ESQ.**
333 Queen Street, Suite 610
Honolulu, Hawaii, 96813

DATED:   Honolulu, Hawaii, __JUN 0 2 2006__ .

GRANT K. KIDANI
ALAN L. WONG
Attorneys for Defendants
RUDY L.K. TAM and
INVESTMENT GROUP, LLC