MARK S. KAWATA 2622
CRAIG T. DELA CRUZ 5651
1221 Kapiolani Blvd., Suite 808
Honolulu, Hawaii 96814
Telephone No. 955-2600

Attorneys for Plaintiff
PY, INC.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| PY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITY HOUSE, INC., KAPIOLANI SEVEN TWENTY LLC, and DOE ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. 06-1-0666-04  SSM <br> (Contract; Assumpsit) <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

Comes now Plaintiff PY, Inc., by its undersigned attorneys, and for Complaint against Defendants, above-named, alleges and avers as follows:

COUNT I:

1. Plaintiff PY, Inc. is a Hawaii corporation licensed to do business in the City and County of Honolulu, State of Hawaii.

2. Defendant Unity House, Inc. ("Unity House") is, on information and belief, a Hawaii non-profit corporation, which also does business in the City and County of

I do hereby certify that this is a full, true, and correct copy of the original file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT 1**

Honolulu, State of Hawaii.

3. Defendant Kapiolani Seven Twenty, LLC ("720"), is on information and belief, a Hawaii limited liability company, which, at all relevant times herein, was either owned or controlled by Unity House, and which owned or controlled the property referred to herein as the "Kapiolani Property."

4. Unity House, is on information and belief, an entity that operates for the benefit of member organizations and the members of those membership organizations.

5. At all relevant times herein, Unity House was the sole member and owner of 720, which was the fee owner of the property identified as TMK No. 2-1-44:35 and 36, and located at 720 Kapiolani Blvd. Honolulu, Hawaii 96813 ("the Kapiolani Property").

6. The Kapiolani Property is located at the corner of Kapiolani Boulevard and Cooke Street, and consists of two parcels on which a five-story building is located.

7. On or about May 10, 2004, Unity House, for and on behalf of the fee owner entered into an Exclusive Right-to-Sell Listing Agreement ("Listing Agreement 1") with Plaintiff, under which Plaintiff would act as the seller's real estate broker for purposes of selling the Kapiolani Property.

8. Plaintiff procured a purchaser for the Kapiolani Property, U.S. Pacific Builders, Inc. or its nominee (hereinafter "Purchaser I"), and fulfilled all of Plaintiff's obligations under Listing Agreement I.

9. The sale of the Kapiolani Property to Purchaser I's nominee closed on or

about December 18, 2004.

10.   Pursuant to the terms of Listing Agreement I, as amended, Plaintiff was to be paid an agreed-upon amount of $180,750.00 as and for its commission.

11.   In the period between the Listing Agreement and closing, Unity House was placed in a receivership by the U.S. District Court (hereinafter "receivership").

12.   The court-appointed receiver, EG & G Technical Services, Inc., by Anthony Pounders (hereinafter "Receiver"), paid only $90,375.00 of the amount owed for the commission.

13.   Demand was made on the Receiver, but the Receiver has failed and refused to pay the balance of the commission.

COUNT II:

14.   Plaintiff repeats and realleges the allegations in paragraphs 1 through 13, above.

15.   On or about May 10, 2004, Unity House, also entered into a Exclusive Right-to-Sell Listing Agreement ("Marks Listing Agreement") with Plaintiff for the listing of the property known as the "Marks Estate," identified as TMK No. 1-9-005:004, and located at 3860 Old Pali Road, Honolulu, Hawaii 96817 ("Marks Estate Property").

16.   Plaintiff procured a purchaser for the Marks Estate, and after negotiations, obtained a Deposit Receipt Offer and Acceptance ("the Marks DROA") for the Marks Estate that was executed by the appropriate parties.

17.	The purchase price under the Marks DROA was $4,000,000.00.

18.	The Marks DROA also provided for a deposit of $60,000.00, which was made by the purchaser.

19.	Escrow was opened at Fidelity National Mortgage and Escrow of Hawaii, Inc. ("escrow"), and the deposit was placed in the escrow account.

20.	Plaintiff negotiated extensions of the closing date for the transaction with the purchaser, Douglas Himmelfarb ("Himmelfarb"), which moved the closing date to approximately February 4, 2005.

21.	Plaintiff subsequently arranged for Himmelfarb to meet with Unity House officials to finalize the details of the sale.

22.	Prior to the meeting taking place, however, the Receiver was appointed, and took control of operations of Unity House.

23.	On information and belief, the Receiver unilaterally canceled the transaction pursuant to the Marks DROA, and directed escrow to pay the deposit to Unity House.

24.	On information and belief, the deposit remains with escrow.

25.	Plaintiff is entitled to its commission, in the sum of three percent of the sale's price, or $120,000.00.

COUNT III:

26.	Plaintiff repeats and realleges the allegations in paragraphs 1 through 25, above.

27. Plaintiff is entitled, pursuant to the terms of the Marks Listing Agreement, to a fee of one-half of the deposit, in the amount of $30,000.00.

COUNT IV:

28. Plaintiff repeats and realleges the allegations in paragraphs 1 through 27, above.

29. Plaintiff is entitled to declaratory relief, adjudicating the rights and liabilities of the parties in connection with the transaction described above and with respect to payment of commissions and/or fees.

COUNT V:

30. Plaintiff repeats and realleges the allegations in paragraphs 1 through 29, above.

31. In failing to pay the commissions requested above when the same became due, Defendants, and/or their employees, agents, or contractors committed acts of unfair and deceptive acts or trade practices in violation of Chapter 480, HRS.

COUNT VI:

32. Plaintiffs repeats and realleges the allegations in paragraphs 1 through 31, above.

33. The acts of Defendants and their employees, agents or contractors, and each of them, were wilful, wanton and/or oppressive or in reckless disregard of the substantial rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

-5-

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For special, general and punitive damages according to proof.

2. For treble damages pursuant to Section 480-13, HRS.

3. Interest, costs and attorneys fees.

4. For such other relief as the Court deems just and equitable in the premises.

DATED:   Honolulu, Hawaii, _____April 18, 2006_____.


_____
MARK S. KAWATA
CRAIG T. DELA CRUZ
Attorneys for Plaintiff
PY, INC.

-6-

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| PY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITY HOUSE, INC., KAPIOLANI SEVEN TWENTY, LLC and DOE ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. _____ <br> (Contract; Assumpsit) <br><br> SUMMONS |

SUMMONS

STATE OF HAWAII

To the Defendants: UNITY HOUSE, INC. KAPIOLANI SEVEN TWENTY, LLC

and DOES ENTITIES 1-10

Your are hereby summoned and required to serve upon Plaintiff's attorney, MARK S. KAWATA, whose address is 1221 Kapiolani Blvd., Suite 808, Honolulu, Hawaii 96814, the Complaint which is herewith served upon you, within 20 (twenty) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m., on premises not open to the general public, unless a judge of the above entitled court permits, in writing on this summons, personal delivery during those hours.

DATED:   Honolulu, Hawaii, _____ APR 1 8 2005

R. HIGA

CLERK OF THE ABOVE-ENTITLED COURT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing document on the parties listed in the attached Exhibit A, at their last known addresses by depositing the same in the United States Mail, postage pre-paid on the filing date hereof:

DATED:   Honolulu, Hawaii, _June 23, 2006_.

_____
MARK S. KAWATA
CRAIG T. DELA CRUZ
Attorneys for PY, INC.